## Crigler, et al. v. Rouse, Trustee, et al.

(Decided June 5, 1925.)

### Appeal from Kenton Circuit Court.

1. Trusts—Deed to a Trustee and His Successors and Assigns Held to Charge Notice of Fiduciary Capacity.—A trust deed to a "trustee and his successors and assigns" held by its unusual wording to charge notice that trustee took title in fiduciary capacity.

2. Trusts—Party, having Used Due Diligence to Discover Facts, May Rely Thereon.—Party, having duty to make inquiry as to extent of trust, and having used due diligence to discover facts, may rely upon what he has discovered by evidence satisfactory to reasonable individual.

3. Trusts—Purchasers Required to Take Deed from Trustee, where Full Beneficial Interests could be Conveyed.—In action under Declaratory Judgment Act to determine right under contract for sale of land, where record owner was designated in deed as trustee, and investigation had disclosed that only beneficial owners were trustee and his grantor, purchasers under contract would be required to accept deed joined by them; the "unknown beneficiaries" not being necessary parties, as there were none.

JACKSON & WOODWARD for appellants.

W. A. PRICE for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is an action under the Declaratory Judgment Act. By deeds dated April 18, 1903, and April 6, 1904, appellee, Robert C. Simmons, conveyed to "S. D. Rouse, trustee, his successors and assigns forever," certain real estate "to have and to hold the same together with all the privileges and appurtenances thereunto belonging to the said S. D. Rouse, his successors and assigns forever." On April 25, 1925, S. D. Rouse, trustee, S. D. Rouse individually and Robert C. Simmons gave to appellants, R. L. Crigler and George L. Hill, an option on certain parts of the real estate conveyed by the aforementioned deeds, which option was later accepted by these appellants. The option required Rouse and Simmons to make a deed of general warranty with good title which deed Rouse and Simmons later tendered to appellants. The latter declined to accept this deed because they claimed the deeds of Simmons to Rouse, trustee, created a trust in favor of an unknown beneficiary, and did not grant Rouse, trustee, any authority to sell the property or make the deed here in question, and that, therefore, the deed tendered was insufficient to pass title. By this suit the parties seek a declaration of their rights. It is averred in the petition in which both Rouse individually and as trustee and Simmons joined, that the deeds of Simmons to Rouse above mentioned were made by Simmons in order to secure Rouse in the payment of certain indebtedness which Simmons owed Rouse, and to secure Rouse against

any contingent liability he might be under as endorser or guarantor of some indebtedness of Simmons to a bank; that the only beneficial owners of the property were Rouse and Simmons, and that there were no other beneficiaries whatever. The appellants filed a special demurrer to the petition on the theory that the "unknown beneficiaries" of the trust alleged to be declared in the deeds, should have been made parties, and also a general demurrer, both of which were overruled. Thereupon appellants filed an answer which is simply a traverse of the fact alleged that the appellees, Rouse and Simmons, were the sole beneficial owners of the property. Appellees took the testimony of themselves which established the facts as alleged in their petition, and there is no contrary proof. Thereupon the court entered a judgment requiring the appellants to take the deed tendered them and from this judgment this appeal is taken.

The parties devote a good part of their briefs to the proposition whether or not the word "trustee" appearing in the deeds from Simmons to Rouse is simply a matter of *descriptio personae,* or such a matter as to put intending purchasers on notice of the fact that there is a trust outstanding against the property. Whatever may be the general rule on this proposition in this state, we are inclined to believe that the peculiar wording of these deeds did put intending purchasers on inquiry as to the character of the estate conveyed by Simmons to Rouse. The property is not conveyed to Rouse "and his heirs" but to Rouse "trustee and his successors and assigns," unusual wording unless Rouse took title in a fiduciary capacity. But be that as it may, Rouse prior to the bringing of this action and by his petition, disclosed the fact that he does hold this property in a trust relation, thereby putting it upon appellants to make due inquiry as to the extent of that trust. This they have done, and the extent of the trust has been fully, fairly and adequately disclosed. After a party upon whom the duty of making inquiry is imposed has used due diligence to discover the facts which are suggested by the facts of which he has knowledge, he may rely upon what he has discovered by evidence satisfactory to a reasonable individual. See 29 Cyc. 1114, et seq; 20 R. C. L. 348. The inquiry instituted by appellants in this case discloses that the only beneficial owners are Simmons and Rouse, both of whom united in the deed tendered appellants. This is

established by such evidence as a person might reasonably rely upon. Appellants, therefore, would not be charged with notice of any trust beyond that established by this evidence. As the pleadings and proof disclosed that there were no beneficial owners except Rouse and Simmons, there was no need to make the "unknown beneficiaries" parties to this suit, as there were none. Hence the court did right in overruling the special demurrer of appellants.

The lower court, therefore, correctly adjudged that the deed tendered conveyed to appellants a good title, and its judgment is therefore affirmed.